Citation Nr: 1826267 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 12-05 681 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Entitlement to service connection for diabetes mellitus to include as secondary to service-connected posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for a heart disorder claimed as heart attack to include as secondary to service-connected PTSD.

3. Entitlement to service connection for hypertension to include as secondary to service-connected PTSD.

4. Entitlement to service connection for an eye disorder of retinopathy claimed as problems with eyes to include as secondary to service-connected PTSD.


REPRESENTATION

Appellant represented by: Shannon L. Brewer, Attorney


ATTORNEY FOR THE BOARD

A. Labi, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Army from September 1979 to September 1982.

This matter comes to the Board of Veterans Appeals (Board) on appeal from a July 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois.

This matter was previously before the Board in November 2016 when it was remanded for further development. The Board finds that there has not been substantial compliance with its remand. See Stegall v. West, 11 Vet. App. 268 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran is seeking to establish service connection for diabetes mellitus, a heart disorder, hypertension, and an eye disorder. In the December 2011 VA Form 9, the Veteran contends his conditions are secondary to his service-connected PTSD.

The Veteran was afforded VA examinations in August 2014 for the issues of service connection for diabetes, heart disorder, and hypertension. The Board previously found that these examinations were inadequate, as the examiner did not properly consider whether the Veteran's conditions were caused or aggravated by PTSD. The Board found that while the examiner suggested that the Veteran's heart disorder and hypertension were likely caused by the Veteran's diabetes, the examiner did not adequately address the source of the Veteran's diabetes. Thus, the Board remanded the claims to afford the Veteran with a new VA examination and opinion to address aggravation of the Veteran's conditions.

Regarding the Veteran's claimed eye disorder, the Veteran had not undergone a VA examination to address the etiology of his disorder. Thus, the Board remanded the Veteran's eye disorder claim to ascertain whether the Veteran has any current diabetic eye pathology or other eye disorder caused or aggravated by service.

Accordingly, the AOJ scheduled the Veteran for VA examinations in February 2017 for his claimed conditions. Unfortunately, the Board again finds that the medical opinions provided are not sufficient to determine whether the Veteran's disorders are caused or aggravated by service or a service-connected disability, specifically the Veteran's service-connected PTSD.

After a review of the February 2017 VA examinations and accompanying opinions, the Board finds that the examiner provides conclusory statements and does not provide a clear and complete rationale for the conclusions reached. The examiner's opinions fail to fully comply with the Board's remand instructions and do not sufficiently address whether the Veteran's claimed conditions were aggravated by service or a service-connected disability, to include PTSD. As such, there has not been substantial compliance with the Board's prior directives and another remand is required. See Stegall v. West, 11 Vet. App. 268 (1998).


Accordingly, the case is REMANDED for the following action:

1. Ensure that the Veteran is scheduled for new VA examinations by an examiner who has not previously examined him. The entire electronic claims file, including the Veteran's previous VA examinations, must be reviewed by the examiner.

A. Ensure that the Veteran is scheduled for a VA examination with regard to his diabetes mellitus, heart disorder, and hypertension. The examiner must review the claims file in conjunction with the examination. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed, and all pertinent pathology should be noted in the examination report.

i. The examiner must provide a medical opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's diabetes mellitus, heart disorder, or hypertension had its onset during active service, within one year of separation from service, or is otherwise etiologically related to active service.

ii. The examiner must provide an opinion as to whether it is at least as likely as not (probability of 50 percent or greater) that the Veteran's diabetes mellitus, heart disorder, or hypertension is caused by the Veteran's service-connected PTSD.

iii. The examiner must provide an opinion as to whether it is at least as likely as not (probability of 50 percent or greater) that the Veteran's diabetes mellitus, heart disorder, or hypertension has been aggravated (chronically worsened) by the Veteran's service-connected PTSD.

iv. In addressing this matter as it pertains to the diabetes claim, the examiner should address the medical evidence which appears to suggest that the Veteran was eating improperly due to stress and other PTSD symptoms, which in turn was causing problems with controlling his diabetes. See CAPRI records from September 22, 2014.

v. In addressing this matter as it pertains to the heart disorder and hypertension, the examiner should discuss the November 2007 private medical opinion suggesting that PTSD and diabetes could have been a factor for the Veteran's myocardial infarction (MI), as well as the prior opinion from the August 2014 VA examination, suggesting that PTSD and stress can definitely aggravate these conditions, but also suggested that his obesity and diabetes were more likely causative factors.

C. Ensure that the Veteran is scheduled for a VA examination to determine the nature and etiology of any eye disorder(s) present during the period of the claim. 

i. Identify all current diagnoses of the eye, including congenital disorders. If any diagnoses of record cannot be confirmed, the examiner must explain why that is so.

ii. The examiner must provide an opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that such eye disorder originated in service, was aggravated by service, or is otherwise etiologically related to service.

A complete rationale for any opinions expressed must be provided. If an opinion cannot be provided without resort to speculation, the examiner must state why an opinion cannot be provided, and whether the inability to provide a definitive opinion is due to a need for further information or because the limits of medical knowledge have been exhausted regarding the etiology of the disability at issue or because of some other reason.

2. After completing the above, the Veteran's claims must be readjudicated based on the entirety of the evidence. If any benefit sought on appeal is not granted in full, furnish the Veteran and the Veteran's representative a supplemental statement of the case and provide an appropriate period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.


The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).